FILED

2017 JUL -6  PM 3: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JEFFREY OLSEN,<br><br>       Defendant. | SA CR No. 17- 76<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(C), (b)(1)(E), and<br>(b)(2): Distribution of<br>Oxycodone, Amphetamine Salts,<br>Alprazolam, and Hydrocodone; 21<br>U.S.C. § 843(a)(4)(A): False<br>Statement in a DEA Registration<br>Application; 21 U.S.C. § 853:<br>Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE through NINETEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendant JEFFREY OLSEN, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally

prescribed and distributed oxycodone, a Schedule II narcotic drug controlled substance, to the following persons:

| COUNT | DATE | NAMED RECIPIENT |
|-------|------|-----------------|
| ONE | August 2, 2013 | K.K. |
| TWO | August 9, 2013 | J.G. |
| THREE | September 9, 2013 | K.K. |
| FOUR | October 1, 2013 | J.G. |
| FIVE | October 12, 2013 | J.V. |
| SIX | April 9, 2014 | J.G. |
| SEVEN | May 14, 2014 | J.G. |
| EIGHT | May 16, 2014 | J.V. |
| NINE | February 13, 2015 | K.B. |
| TEN | March 9, 2015 | K.B. |
| ELEVEN | April 9, 2015 | K.B. |
| TWELVE | April 9, 2015 | J.W. |
| THIRTEEN | April 17, 2015 | K.B. |
| FOURTEEN | April 28, 2015 | J.W. |
| FIFTEEN | May 18, 2015 | J.G. |
| SIXTEEN | May 18, 2015 | J.V. |
| SEVENTEEN | June 25, 2015 | J.G. |
| EIGHTEEN | June 25, 2015 | J.V. |
| NINETEEN | January 20, 2016 | J.W. |

1    COUNTS TWENTY through TWENTY-FIVE

2    [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

3        On or about the following dates, in Orange County, within

4    the Central District of California, defendant JEFFREY OLSEN,

5    then a physician licensed to practice medicine in the State of

6    California, while acting and intending to act outside the usual

7    course of professional practice and without a legitimate medical

8    purpose, knowingly and intentionally prescribed and distributed

9    amphetamine salts, a Schedule II controlled substance, to the

10   following persons:

| COUNT | DATE | NAMED RECIPIENT |
|---|---|---|
| TWENTY | March 9, 2015 | K.B. |
| TWENTY-ONE | April 9, 2015 | K.B. |
| TWENTY-TWO | April 9, 2015 | J.W. |
| TWENTY-THREE | April 17, 2015 | K.B. |
| TWENTY-FOUR | April 28, 2015 | J.W. |
| TWENTY-FIVE | January 20, 2016 | J.W. |

COUNTS TWENTY-SIX through THIRTY-TWO

[21 U.S.C. §§ 841(a)(1), (b)(2)]

On or about the following dates, in Orange County, within the Central District of California, defendant JEFFREY OLSEN, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed alprazolam, a Schedule IV controlled substance, to the following persons:

| COUNT | DATE | RECIPIENT |
|-------|------|-----------|
| TWENTY-SIX | February 13, 2015 | K.B. |
| TWENTY-SEVEN | March 9, 2015 | K.B. |
| TWENTY-EIGHT | April 9, 2015 | K.B. |
| TWENTY-NINE | April 9, 2015 | J.W. |
| THIRTY | April 17, 2015 | K.B. |
| THIRTY-ONE | April 28, 2015 | J.W. |
| THIRTY-TWO | January 20, 2016 | J.W. |

1          COUNTS THIRTY-THREE and THIRTY-FOUR

2            [21 U.S.C. §§ 841(a)(1), (b)(1)(E)]

3       On or about the following dates, in Los Angeles County,

4  within the Central District of California, defendant JEFFREY

5  OLSEN, then a physician licensed to practice medicine in the

6  State of California, while acting and intending to act outside

7  the usual course of professional practice and without a

8  legitimate medical purpose, knowingly and intentionally

9  prescribed and distributed hydrocodone, then a Schedule III

10 narcotic drug controlled substance, to the following person:

| COUNT | DATE | NAMED RECIPIENT |
|---|---|---|
| THIRTY-THREE | August 29, 2013 | S.K. |
| THIRTY-FOUR | September 24, 2013 | S.K. |

COUNT THIRTY-FIVE

[21 U.S.C. § 843(a)(4)(A)]

On or about May 20, 2016, in Orange County, within the Central District of California, defendant JEFFREY OLSEN ("OLSEN") knowingly and intentionally furnished false and fraudulent material information in an application required to be filed under Title 21, United States Code, Section 823, and Title 21, Code of Federal Regulations, Part 1301, in that defendant OLSEN submitted to the United States Drug Enforcement Administration ("DEA") an application to obtain a federal controlled substance registration stating that defendant OLSEN had never had a federal controlled substance registration revoked, suspended, restricted or denied, when, in truth and in fact, as defendant OLSEN then well knew, effective on or about March 18, 2016, the DEA suspended defendant OLSEN's federal controlled substance registration.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to defendant JEFFREY OLSEN ("defendant") that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, in the event of defendant's conviction under any of Counts One through Thirty-Four of this Indictment.

2.  Upon such conviction, defendant shall forfeit to the United States the following property:

    a.  all right, title, and interest in any and all property, real or personal:

        (i) constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense of conviction;

        (ii) used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

    b.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in paragraph 2.a.

3.  Pursuant to Title 21, United States Code, Section 853(p), defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 2, if, as the result of any act or omission of defendant, the property described in paragraph 2, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

7

1  been placed beyond the jurisdiction of the court; (d) has been

2  substantially diminished in value; or (e) has been commingled

3  with other property that cannot be divided without difficulty.

4

5

6                                        A TRUE BILL

7

8                                    /s/
                                    _____
9                                    Foreperson

10  SANDRA R. BROWN
    Acting United States Attorney
11

12

13  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
14  Chief, Criminal Division

15  KEVIN M. LALLY
    Assistant United States Attorney
16  Chief, Organized Crime Drug Enforcement
      Task Force Section
17

18  BENJAMIN R. BARRON
    Assistant United States Attorney
    Deputy Chief, Organized Crime Drug
19    Enforcement Task Force Section

20

21

22

23

24

25

26

27

28