CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
ELENA SADOWSKY (Bar No. 302053)
(E-Mail: Elena_Sadowsky@fd.org)
DAVID JOSEPH SUTTON (Bar No. 257630)
(E-Mail: David_Sutton@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
JEFFREY DOVE OLSEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY DOVE OLSEN,<br><br>        Defendant. | Case No. 17-76-CJC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION**<br><br>**Hearing Date: October 13, 2020** |

TO: UNITED STATES ATTORNEY NICOLA T. HANNA AND ASSISTANT UNITED STATES ATTORNEY BRYANT YANG:

PLEASE TAKE NOTICE that on October 13, 2020, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Cormac J. Carney, United States District Judge, defendant Jeffrey Dove Olsen will bring for hearing the following motion:

1

**Motion**

Jeffrey Dove Olsen, by and through his attorneys of record, Deputy Federal Public Defenders David Sutton and Elena Sadowsky, hereby moves this Honorable Court for an order dismissing the Indictment with prejudice for violation of the Speedy Trial Act and Sixth Amendment. This motion is based on the attached memorandum of points and authorities, all pleadings and records in this matter, and any further argument this Honorable Court might require.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED:  September 15, 2020     By  */s/ Elena Sadowsky*

ELENA SADOWSKY
Deputy Federal Public Defender
Attorney for Jeffrey Dove Olsen

2

## MEMORANDUM OF POINTS AND AUTHORITIES
### I. INTRODUCTION

Dr. Jeffrey Olsen is charged in a thirty-five count indictment with distribution of various pharmaceuticals in violation of 21 U.S.C. § 841 and one count of 21 U.S.C. § 853. As of October 28, 2020, more than 70 days of non-excludable time will have elapsed since initiation of this case in 2017. Under the Speedy Trial Act, 18 U.S.C. § 3161, the Court should dismiss the Indictment against Dr. Olsen. Additionally, the three-year passage of time between charge and trial has violated Dr. Olsen's Sixth Amendment right to a speedy trial. Both violations merit dismissal with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

The Indictment, which was filed on July 6, 2017, charges Dr. Olsen with thirty five counts involving the distribution of various pharmaceuticals in violation of 21 U.S.C. § 841 and one count of 21 U.S.C. § 853. Dkt. 1. Dr. Olsen appeared for his initial appearance and arraignment on July 11, 2017. Dkt. 8, 10. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 19, 2017. The initial trial date was scheduled for September 5, 2017--fifty six days following arraignment. *Id.* Thereafter, the parties entered into eight stipulations to continue. Dkt. 18, 20, 22, 25, 34, 41, 43, 45. The final stipulation continued the trial date until October 13, 2020. On that day, there will be 14 days left on the speedy trial clock.

On August 28, 2020, the government applied *ex parte* for an order continuing the trial date a ninth time to December 1, 2020. The government argued that due to the COVID-19 pandemic, a jury trial was impossible, and the ends of justice exception justified a continuance over the defense's objection. Dkt. 54. Dr. Olsen opposed the continuance. Dkt. 66. The Court denied the government's motion and requested the Chief Judge direct the Jury Department to mail jury summons for the October 13, 2020 trial date. Dkt. 67. The Chief Judge denied the jury summons request. Dkt. 68. No jurors are expected to appear on the October 13, 2020 trial date. Criminal jury trials and

3

jury selection remain suspended in the district. *See* C.D. Cal. General Order No. 20-09 In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (August 6, 2020).

### III. ANALYSIS

The Speedy Trial Act ("STA") of 1974, as amended, requires that:

> [T]he trial of a defendant charged in an information or an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charges is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act also provides for "periods of delay" that are excluded in calculating the seventy days. *See* § 3161(h).

"If a defendant is not brought to trial within the time limit required by §3161(c) as extended by §3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. §3162(a)(2). "The defendant shall have the burden of proof of supporting such motion but the government shall have the burden of going forward with the evidence in connection with an exclusion of time under subparagraph 3161(h)(3)." 18 U.S.C. §3162(a)(2).

**A.  On October 27, 2020, the time to bring Dr. Olsen to trial will have expired.**

Assuming the Court decides all pending pretrial motions, including the instant motion, by October 13, 2020, the speedy trial clock will expire 14 days from that date. The indefinite suspension of jury trials in this district remains in effect, *see* C.D. Cal General Order 20-09, and therefore jury trials are not expected to resume on October 27, 2020. The time period between October 13, 2020 and October 27, 2020 and every

day thereafter is not excludable under any exception under 18 U.S.C. § 3161, including the ends of justice exception. *See* Dkt. 66, 67.[1]

## B.    Under the Speedy Trial Act, the Indictment should be dismissed with prejudice.

The Court should dismiss with prejudice. In deciding whether to dismiss with prejudice, the STA requires that the Court consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). The Court may also consider the prejudice to Dr. Olsen, which is a relevant but not a dispositive factor. *See United States v. Taylor*, 487 U.S. 326, 334 (1988). These factors weigh against permitting the government to reindict this case.

The offense in this case is serious, but that is not determinative. Indeed, in *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994), the court affirmed the dismissal with prejudice of an indictment charging an even more serious offense--conspiracy to distribute methamphetamine and aiding and abetting manufacture of methamphetamine with a potential mandatory minimum sentence of 20 years. Unlike in *Clymer*, Dr. Olsen does not face a mandatory minimum sentence. Like in *Clymer*, however, the other factors in this case weigh so strongly in favor of dismissal with prejudice that the seriousness of the offense does not control.

The second factor weighs in favor of dismissal with prejudice because the Court or the government caused the violation. *See United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992) ("When a STA violation is caused by the court of the prosecutor, it weighs in favor of granting a dismissal with prejudice."). Neither the Court at large nor the government has implemented protocols for jury trials, despite having over six

---

[1] Dr. Olsen hereby incorporates by reference his opposition to the government's *ex parte* application to continue the trial date, s*ee* Dkt. 66, and the Court's order denying the government's ex parte application to continue, *see* Dkt. 67.

5

months to develop them and despite carrying out many of its other essential functions, including the resumption of grand jury proceedings. And neither have even suggested when it anticipates that criminal jury trials will resume. Meanwhile, our closest neighbors, Orange County Superior Court and the Southern District of California, have resumed jury trials and have plans in place that this district can look to for guidance.[2] There is no denying that these are unusual times, but logistical concerns cannot outweigh statutory rights that flow from fundamental Constitutional protections. *See id*. (affirming the dismissal with prejudice and concluding that even though the violation stemmed from an oversight and not malice, that is "no excuse for a STA violation").

Moreover, "the length of the delay standing alone is a significant 'measure of the seriousness of the speedy trial violation.'" *Clymer*, 25 F.2d at 832 (quoting *Taylor*, 487 U.S. at 340)). Dr. Olsen has been waiting for his day in court for 1162 days as of the filing of this motion. Jury trials have been suspended for 186 days with no end in sight. *Id*. Criminal trials simply cannot be put off endlessly.

The third factor also weighs in favor of dismissal because re-prosecution will undermine the purpose of the STA and compromise the administration of justice. "Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice, and it imposed the sanction of dismissal under § 3162 to compel courts and prosecutors to work in furtherance of that goal." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). There will be no speedy administration of justice if the government is given separate and successive 70-day periods in which to bring a defendant to trial. This is especially true given that the government has no intention or expectation that it will even be able to bring the defendant to trial within that new period.

---

[2] *See* Dkt. 67, Order Denying the Government's Ex Parte Application to Continue Trial, Ex. 2; Southern District of California, Adopting District Trial Reopening Plan, *available at* https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2036.pdf (last accessed Sept 15, 2020)

This is not "an isolated unwitting violation." *Taylor*, 487 U.S. at 339. Rather, the Court and the government continue to sanction and implement a broad denial of the STA district wide. Indeed, the government continues to indict new defendants in this district while at the same time arguing that there can be no jury trials for the indefinite future. This undermines the purpose of the STA and negatively impacts the administrative of justice. A sanction with teeth is necessary to curtail the government's troubling disregard for the duty to bring criminal cases to trial expeditiously. *Id.* at 342 ("It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays.").

Fourth, Dr. Olsen has been and will continue to be prejudiced by the delay of his trial. For three years, he has lived with major disruption to his employment, drain on his financial resources, subjection to public obloquy, and anxiety, which affect both Dr. Olsen and his family. *See Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring) (noting that these serious consequences affect defendants "free on bail or not").

## C. Dr. Olsen's Sixth Amendment Speedy Trial Right was also violated.

The indictment should also be dismissed for the independent violation of Dr. Olsen's constitutional right to a speedy trial. This inquiry is guided by the factors set forth in *Barker v. Wingo*—"[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"—each of which warrant dismissal. *Barker*, 407 U.S. at 530.

First, a delay of over three years is "presumptively prejudicial." *Id.* at 530-31; *see Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) ("[T]he lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year"). Second, as discussed above, the more recent delay is due to the Court and government's refusal to implement protocols for jury trials. Though there is no malice on their part, this fact should be considered since the ultimately responsibility

7

for such circumstances must rest with the government rather than the defendant. Third, Dr. Olsen has objected to this most recent continuance of his trial date and, in any event, the idea that the failure of the defendant to demand a trial gives rise to a finding of waiver has been rejected. *Barker*, 407 U.S. at 530. Finally, prejudice under the Sixth Amendment is not limited exclusively to pretrial incarceration. Thought the Sixth Amendment serves to minimize oppressive pretrial incarceration, it also serves to minimize the "anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defense himself." *United States v. Loud Hawk*, 474 U.S. 302, 311 (1986). During the 1162 days that these charges have been unresolved, Dr. Olsen and his family have suffered great stress and anxiety. In addition, while the charges are pending, Dr. Olsen cannot practice medicine or defend himself in the pending Medical Board action against his license without prejudicing this criminal case, thereby also causing financial uncertainty and stress.

## IV. CONCLUSION

For the foregoing reasons, the Indictment should be dismissed with prejudice.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: September 15, 2020

By  */s/ Elena Sadowsky*

ELENA SADOWSKY
Deputy Federal Public Defender
Attorney for Jeffrey Dove Olsen

8