CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
ELENA SADOWSKY (Bar No. 302053)
(E-Mail: Elena_Sadowsky@fd.org)
DAVID JOSEPH SUTTON (Bar No. 257630)
(E-Mail: David_Sutton@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JEFFREY DOVE OLSEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>JEFFREY DOVE OLSEN,<br><br>          Defendant. | Case No. 17-76-CJC<br><br>**DEFENDANT JEFFREY OLSEN'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION**<br><br>**Hearing Date: October 13, 2020** |

Defendant Jeffrey Dove Olsen, by and through his counsel of record, Deputy Federal Public Defenders Elena Sadowsky and David Sutton, hereby submits his reply in support of the motion to dismiss for speedy trial violations.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: September 29, 2020

By  */s/ Elena Sadowsky*

ELENA SADOWSKY
Deputy Federal Public Defender
Attorney for Jeffrey Dove Olsen

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REPLY

### I. INTRODUCTION

The statutory and constitutional promise of a speedy trial must be enforced even when that promise is not easy to keep. Because the government has no intention of keeping its promise, in this and other cases, the Court should demonstrate the importance of the speedy trial right by dismissing the indictment with prejudice.

### II. DISCUSSION

**A.    The motion is not premature.**

There is no dispute that a jury trial will not occur on October 13, 2020 (trial date), nor will it occur by October 27, 2020 (expiration of the Speedy Trial clock). No jury summonses have been mailed out for either date, and the Court has stated publicly that there must be seven weeks between the mailing of a summons and the corresponding trial date. Ex. A (Daily Journal Article). Thus, even in the unlikely event that summonses are mailed on the date of the filing of this motion reply (September 29, 2020), the earliest a trial could occur is November 17, 2020. The writing is on the wall: a Speedy Trial Act violation will occur in this case on October 28, 2020. It makes no sense to require Dr. Olsen to wait until October 28 to file this motion, when there is no conceivable way that this case will be brought to trial by then.[1]

**B.    This Speedy Trial Act violation warrants a dismissal with prejudice.**

Contrary to the government's argument (Opp. at 14), there is "no presumption" in favor of dismissal without prejudice. *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). Indeed, the Ninth Circuit has stated that "the choice of whether to dismiss with or without prejudice depends on a careful application of the statutorily enumerated factors to the particular case." *Id.*; *see also United States v. Robinson*, 389 F.3d 582,

---

[1] The defense respectfully requests that the Court issue a decision granting the motion to dismiss on October 13, 2020 with the caveat that it will go into effect on October 28, 2020. If the Court were to wait to issue its decision on October 28, 2020, there is a possibility (though Dr. Olsen does not concede this point) that those two weeks could be considered excludable time under 18 U.S.C. 3161(h)(1)(D), thereby extending the speedy trial clock.

2

586 (6th Cir. 2004) ("The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other."). In deciding whether to dismiss with prejudice, the Court should consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

Dr. Olsen does not dispute the seriousness of the charges, but his case is not as serious as many of the cases the government relies upon. Opp. at 13 (citing to methamphetamine conspiracy case and a third strike case). Moreover, it bears noting that he is not charged with a violent crime, nor does he have any criminal history. Additionally, the Ninth Circuit has cautioned that the seriousness of the offense is not dispositive and should be weighed along with the other two factors. *Clymer*, 25 F.3d at 831. The other two factors weigh strongly in favor of dismissal with prejudice.

In evaluating the facts and circumstances of the Speedy Trial Act violation, the Court should assess whether the violation was "technical, rather than substantive." *United States v. Alvarez-Perez*, 629 F.3d 1053, 1062 (9th Cir. 2010). The violation here is *substantive*--it was not the result of neglect or similar technicalities. Rather, the violation is the result of a drastic, district-wide suspension of the accused's fundamental constitutional right with no readily-apparent end date and no openly-publicized plan for resumption.

The facts and circumstances of the violation are egregious--even if not the result of traditional bad faith--and they weigh heavily in favor of dismissal with prejudice. *See United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992) ("When a STA violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice."). Without any input from the defense bar, and over the objection of Dr. Olsen, the government and this Court have brazenly brushed aside the Constitution. The government's protestation that nothing can be done is disingenuous. The Court has

3

had more than six months to develop protocols for jury trials. The Orange County Superior Court and other neighboring courts have shown that it was doable.

Dismissal with prejudice is necessary to rectify this egregious statutory and constitutional violation in this case and others. The government continues to indict new cases and argue for pretrial detention despite *knowing* that it will be unable to bring those cases to trial within the deadline. A sanction with teeth is necessary to curtail the government's troubling disregard for the duty to bring criminal cases to trial expeditiously. *United States v. Taylor*, 487 U.S. 326, 342 (1988) ("It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays.").

Allowing the government to re-indict in this case is "not a particularly strong deterrent" where the violation is widespread, affecting every defendant in this judicial district, and the government had done nothing to mitigate the delay. *United States v. Bert*, 814 F.3d 70, 86 (2d. Cir. 2016) (encouraging the district court to consider on remand the "likelihood of repeated violations and whether there are potential administrative changes prompted by this violation"). In short, this case is bigger than just Dr. Olsen. *See United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) ("[T]he right to a speedy trial belongs not only to the defendant, but to society as well.").

## C. The delay also violates the Sixth Amendment and warrants a dismissal with prejudice.

The Court must determine "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992). Similar to above, on balance, these factors dismissal with prejudice.

First, it is undisputed that the 40-month delay (and counting) in this case is presumptively prejudicial. *See* Opp. at 22. Not only is the 40-month delay

presumptively prejudicial, it is uncommonly long and excessive. The government cites two cases in support of classifying a 40-month delay as not excessive. *Id* (citing *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) and *United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003)). Those cases involve delays of 20 and 22 months. The delay in Dr. Olsen's case is double the length of delay in those cases. Second, while the government is correct that some of the delay was the result of stipulations to continue the trial date, no one factor in the analysis is "talismanic." *Barker v. Wingo*, 407 U.S. 514, 533 (1972). The fact that the government is contributing to the denial of speedy trials on a district-wide level dwarfs whatever responsibility Dr. Olsen may have in the delay. Third, Dr. Olsen has objected to this most recent continuance of his trial date and, in any event, the idea that the failure of the defendant to demand a trial gives rise to a finding of waiver has been rejected. *Barker*, 407 U.S. at 530. Finally, Dr. Olsen's livelihood has been taken from him for over 48 months. Apart from taking away one's freedom, it is hard to imagine a more consequential deprivation of liberty.

### III. CONCLUSION

For the foregoing reasons, the Indictment should be dismissed with prejudice.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED:  September 29, 2020     By  */s/ Elena Sadowsky*

ELENA SADOWSKY
Deputy Federal Public Defender
Attorney for Jeffrey Dove Olsen