# EXHIBIT A

Daily Journal | Home | Legal Notices | MCLE | Webinars | Classifieds | Resources | Experts | About | Submit | Settings

Daily Journal

Sep. 23, 2020 | My Journal | Perspective | News | COVID-19 | People | Special Reports | Verdicts | Appellate | Courts | Search

❮ NEWS

Judges And Judiciary,
Ethics/Professional Responsibility
Sep. 23, 2020

Bookmark

## Cental District could soon begin calling jurors in Orange County

**Gutierrez issued an order Aug. 6 suspending jury trials for criminal and civil cases following a unanimous vote of the court's judges. At the time, there was a surge in COVID-19 cases and Central District courthouses were closed. Civil cases were limited to remote conferencing, but judges could use discretion as to whether they can do bench trials in lieu of delay.**

With several counties in the Central District of California reaching virus numbers that are allowing the resumption of indoor operations, Chief Judge Philip S. Gutierrez said Tuesday he remains hopeful that the federal courthouse in Santa Ana could resume the process of summoning jurors by next week.

Gutierrez issued an order Aug. 6 suspending jury trials for criminal and civil cases following a unanimous vote of the court's judges. At the time, there was a surge in COVID-19 cases and Central District courthouses were closed. Civil cases were limited to remote conferencing, but judges could use discretion as to whether they can do bench trials in lieu of delay.

In an interview Tuesday, Gutierrez said decisions on resuming operations are being made in light of state government orders.

Orange County recently entered Tier 2 of the state's reopening phase, which meant the Santa Ana federal courthouse was opened for criminal and some emergency civil matters. On Tuesday, Orange County officials said they expected to move to the next-lower tier by next week, which allow for more crowded venues to reopen, including Disneyland.

"Once Orange County gets to Tier 3, which could be by next week, that means we'd start summoning jurors, assuming nothing has changed in terms of a surge," Gutierrez said. "Jury trials could start seven weeks after we get into Tier 3, because that's how long it takes to summon jurors."

Modifications must be made to the courthouse to allow for social distancing, Gutierrez said.

Resumption of operations at the main Central District courthouse in Los Angeles is still a ways off.

"If the numbers stay the same and there is no surge, you can predict by next Tuesday that Los Angeles might move to Tier 2," Gutierrez said.

Currently, Los Angeles County remains in the most restrictive tier, which requires many indoor operations remain closed.

Meanwhile, questions remain about due process for criminal defendants awaiting trial. Gutierrez, said the court must balance between resuming trials and ensuring safety of jurors who are compelled to serve.

"You're not coming to court the way you choose to go to Costco," he said. "That's the most vital point -- the only person that is present in the courtroom voluntarily is the judge."

A shortage of judges -- not the court's suspended operations -- are the real driver behind a massive case backlog, Gutierrez said.

"That's our biggest problem and that's what caused the backlog and increasing caseloads, especially during the pandemic," he said.

Gutierrez noted that the U.S. Senate last week confirmed three judges to the Central District, which could ease the backlog.

"We'll see what happens," he said.

Since succeeding U.S. Judge Cormac J. Carney as chief judge for the Central District in June, Gutierrez has been planning how to resume operations in a timely fashion. The progress doesn't seem to be quick enough for Carney, though, who asked Gutierrez last month to direct the jury department to issue summons for a trial ready to proceed Oct. 6. U.S. v. Juan Carlos Recinos, CR-19-00724 (C.D. Cal., filed Nov. 26, 2019). Recinos was indicted on a charge of illegally reentering the country.

Gutierrez denied Carney's request on Aug. 19, reminding him that all of the judges agreed that jury trials had to be paused to protect public health.

### Related Content

**JUDICIAL PROFILE**



**A Spate of Only-in-California Cases Shines Spotlight on Federal Judge**

Philip S. Gutierrez
Central District (Los Angeles)

"Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, there is little doubt courts have discretion to order a continuance in such circumstances," Gutierrez wrote in his order.

Carney made his summons request in his Aug. 18 decision, which also denied the prosecution's ex parte application to find excludable time under the Speedy Trial Act. In it, Carney wrote that Recinos' trial date was postponed for more than six months. Grand juries have reconvened and issued indictments and retailers have reopened, Carney noted.

"In light of these developments, the Court finds that the COVID-19 pandemic does not justify excluding further delays to Mr. Recinos' Speedy Trial rights," Carney wrote in the order, indicating that the situation favors a dismissal. Asked about denying Carney's request, Gutierrez insisted there was no dispute between the jurists, and that "it's just the way governance works."

"It's not just me, it's the full court and executive committee," he said. "All of us judges try to find ways to find an objective approach to the problem, rather than trying to be subjective. We basically took the easiest way to follow what the state is doing every Tuesday with regard to positive rates and the like." Other than the Recinos case, Gutierrez said he's not aware of any other criminal matters being dismissed due to unavailability of jurors.

Deputy federal defender Gabriela Rivera, who represented Recinos, declined to comment. Rivera initially sought to dismiss the case because the immigration court never provided time and notice of his deportation proceedings.

The U.S. attorney, who moved to dismiss Recinos' case without prejudice on Aug. 31 due to unavailability of witnesses and notice papers from the immigration court, declined to comment Tuesday.

Former federal prosecutor Neama Rahmani, co-founder of West Coast Trial Lawyers, said the trial suspension raises significant due process concerns for defendants, as many are detained indefinitely because of the statutory presumption they are a flight or public safety risk.

"Judge trials are generally less favorable for criminal defendants because there is no possibility of a hung jury and they raise far fewer appellate issues," Rahmani said. "If the government is charging defendants, they and the courts have an obligation to avail them of their constitutional right to a jury trial. It is a constitutional right that should never be abridged."

Bilal A. Essayli of Essayli & Brown LLP, former prosecutor and now in private criminal defense practice, agreed that prolonging trial suspension raises serious due process and liberty concerns. If a case cannot be tried, and defendants assert their right to a speedy trial, "the only viable remedy is to dismiss the charges until such time the government can satisfy the mandates of the Constitution," Essayli said.

#359682

**Gina Kim**
Daily Journal Staff Writer
gina_kim@dailyjournal.com

**For reprint rights or to order a copy of your photo:**
Email jeremy@reprintpros.com for prices.
Direct dial: 949-702-5390

**Send a letter to the editor:**
Email: letters@dailyjournal.com