TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
and Racketeering Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3045
    Facsimile: (213) 894-6269
    E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JEFFREY OLSEN,<br><br>        Defendant. | No. 17-76-CJC<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, hereby files this ex parte Application for findings of excludable time periods pursuant to the Speedy Trial Act.  Defendant opposes this application.

//

//

//

This Application is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 17, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

               /s/
SAMUEL J. DIAZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**BACKGROUND**

1. The Indictment in this case was filed on July 6, 2017. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 11, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 19, 2017.

2. On July 11, 2017, the Court set a trial date of September 5, 2017. (Dkt. 10.) On October 28, 2020, the Court dismissed the Indictment with prejudice on Speedy Trial grounds. (Dkt. 105.) The Ninth Circuit subsequently reversed the Court's order dismissing the Indictment. The Ninth Circuit's mandate issued on May 16, 2022. Under 18 U.S.C. § 3161(d)(2), trial must commence on or before July 25, 2022. The Court has yet to set a new trial date.

3. Defendant is released on bond pending trial.

4. Defendant opposes this application. Defendant contends that the Court can and should dismiss this case for Speedy Trial Act and Sixth Amendment violations that occurred in 2020. To the extent the Court ultimately rules otherwise, Defendant agrees that 18 U.S.C. § 3161(h)(1)(D) automatically excludes delay resulting from pretrial motions, without any need for Court findings.

5. By this ex parte Application, the government moves for findings that the time period of May 16, 2022 to the date that the Court resolves defendant's motion, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

**DISCUSSION**

Under 18 U.S.C. § 3161(d)(2), where a "defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial should commence within seventy days from the date the action occasioning the trial becomes final[.]"  Here, the Ninth Circuit reversed this Court's order dismissing the Indictment with prejudice and issued its mandate on May 16, 2022.  Accordingly, under § 3161(d)(2), trial must commence on or before July 25, 2022.

On June 7, 2022, the Court held a status conference with the parties and granted defendant's request to file a motion to dismiss on Speedy Trial grounds and set a briefing schedule.  (Dkt. 122.)

By this ex parte Application, the government moves for findings that the time period of May 16, 2022 to the date that the Court resolves defendant's motion, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.