BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar. No. 243918)
DANBEE C. KIM (Cal. Bar. No. 350014)
CAITLIN J. CAMPBELL (Cal. Bar No. 324364)
Assistant United States Attorneys
    UNITED STATES ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
               (213) 894-6530
               (714) 338-3541
    Email: brett.sagel@usdoj.gov
           danbee.kim@usdoj.gov
           caitlin.campbell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:17-cr-00076-JWH |
|---|---|
| Plaintiff, | TRIAL BRIEF |
| v. | |
| JEFFREY OLSEN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel, Danbee C. Kim, and Caitlin J. Campbell hereby files this Trial Brief.

This filing is based upon the attached memorandum of points and

//

//

1 | authorities, the files and records in this case, and such further
2 | evidence and argument as the Court may permit.
3 |
4 | Dated: April 2, 2025                    Respectfully submitted,
5 |                                         BILAL A. ESSAYLI
  |                                         United States Attorney
6 |
7 |                                         LINDSEY GREER DOTSON
  |                                         Assistant United States Attorney
  |                                         Chief, Criminal Division
8 |
9 |                                              /s/ *Caitlin J. Campbell*
  |                                         BRETT A. SAGEL
10|                                         DANBEE C. KIM
  |                                         CAITLIN J. CAMPBELL
11|                                         Assistant United States Attorneys
12|                                         Attorneys for Plaintiff
  |                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    THE GOVERNMENT CAN USE DEFENDANT'S DECEMBER 30, 2015 TEXT MESSAGE ON CROSS-EXAMINATION**

On December 30, 2015, the defendant texted his wife the following:

> Miki I really miss you very much! I really do! It was good to talk to you this morning. Although… honestly… ? It really hurt to hear you refer to me as a "walking drugstore" I don't mean to be overly sensitive! I guess that maybe it's true? Regardless if it is true or not? Clearly that IS youropinion of how you think of me.  That is the reality your impression of me as your husband Even if it that's pretty harsh to hear your spouse refer to you like that.  I can just hear you describing me that was to Morgan so she feels better about what happened.

The government seeks to use this text message, written by the defendant, during defendant's cross-examination.  If permitted to use this text message during cross-examination, the government will redact any mention of defendant's wife (including the name "Miki" and the word "spouse"), as well as the reference to defendant being her "husband."  The government will also redact the response that follows this text message, in which the defendant's wife says that defendant gave their son "OxyCotton" at Disneyland.  The government has attached the text message in redacted form as **Exhibit A** to this filing.  The government will also bring unredacted versions to Court for the parties' and the Court's review.

The government anticipates that the defense will object to the use of this text message based on the spousal communications

privilege and Rule 403.  These objections should be overruled.  The spousal communications privilege does not apply because defendant gave law enforcement consent to search his phone, including all his text messages.  He therefore waived any privilege to its contents, including any privilege based on the spousal communications privilege.  Indeed, in United States v. Hernandez, 999 F.3d 1181, 1184-85 (8th Cir. 2021), the Eighth Circuit held that a defendant waived this very privilege "when she consented to a search of her phone by police" and therefore "voluntarily granted access to [her] text messages," forfeiting "any right to assert that the communications" between her and her spouse were "confidential."  The Ninth Circuit has likewise held that a party can waive privilege by voluntary disclosure to third parties.  See Pac. Pictures Corp. v. United States Dist. Court, 679 F.3d 1121, 1126-27 (9th Cir. 2012) (citations omitted).  This would necessarily include consenting to a search of one's cellphone by law enforcement, as the Eight Circuit held in Hernandez.

    As for Rule 403, the probative value of the text message heavily outweighs any risk of unfair prejudice, particularly given the government's willingness to redact both the response to the text message and any reference to the nature of defendant's relationship with the sender (his wife).  In the text message that defendant sends, he admits that "maybe it's true" he is a "walking drugstore."  Given the nature of the charges in this case and the statements he has made thus far about providing individualized care to his patients, this statement is directly probative of both the charged conduct and his credibility, which he has put in issue by testifying.  Any Rule 403 objection should therefore be overruled.

# EXHIBIT A

**MESSAGES BETWEEN ▮▮▮▮▮ and JEFFREY OLSEN on December 30, 2015**

| Filename | Sent By | In/Out | Date | Time | Message |
|---|---|---|---|---|---|
| Messages 167 | Jeffrey OLSEN | Outgoing | Wednesday, December 30, 2015 | 4:18:54 PM | ▮ I really miss you very much! I really do! It was good to talk to you this morning. Although... honestly... ? It really hurts to hear you refer to me as a "walking drugstore" I don't mean to be overly sensitive! I guess that maybe it's true? Regardless if it is true or not? Clearly that IS your opinion how you think of me. That is the reality your impression of me as your ▮▮▮▮ Even if it that's pretty harsh to hear your ▮▮▮ refer to you like that. I can just hear you describing me that way to Morgan so she feels better about what happened |
| Messages 167 | ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |