BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar. No. 243918)
DANBEE C. KIM (Cal. Bar. No. 350014)
CAITLIN J. CAMPBELL (Cal. Bar No. 324364)
Assistant United States Attorneys
    UNITED STATES ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
             (213) 894-6530
             (714) 338-3541
    Email: brett.sagel@usdoj.gov
           danbee.kim@usdoj.gov
           caitlin.campbell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JEFFREY OLSEN,<br><br>        Defendant. | No. 8:17-cr-00076-JWH<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** N/A<br>**PROPOSED TRIAL DATE:** 12/01/25<br><br>**CURRENT STATUS CONF.:** N/A<br>**PROPOSED STATUS CONF.:** 11/14/25 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel, Danbee C. Kim, and Caitlin J. Campbell, and defendant Jeffrey Olsen ("defendant"), both individually and by and through his counsel of

record, Elena Rose Sadowsky and Reid Rowe, hereby stipulate as follows:

1. A grand jury indicted defendant on July 6, 2017. Defendant made his first appearance before a judicial officer of the court in which the charges in this case were pending on July 11, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 19, 2017.

2. This case has been the subject of extensive appellate litigation, namely, two fully litigated appeals. After the second appeal, the Ninth Circuit remanded the case for further proceedings. This Court set a December 10, 2024 trial date and a November 22, 2024 status conference date, and found the interim period between the Ninth Circuit's second mandate (May 31, 2024) and the new trial date (December 10, 2024) to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

3. On October 30, 2024, pursuant to the parties' stipulation, the Court continued the December 10, 2024 trial date to March 24, 2025, and the status conference date to March 7, 2025. The Court found the interim period between the December 10, 2024 and March 24, 2025 trial dates to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

4. On March 24, 2025, defendant stood trial on the 35-count indictment. On April 10, 2025, the jury returned a verdict acquitting defendant of counts 2, 4, 10, and 27, convicting defendant of count 35, and deadlocking on the remaining 30 counts. The Court declared a mistrial as to the deadlocked counts.

5. Under the Speedy Trial Act, 18 U.S.C. § 3161(e), following the declaration of a mistrial, any new trial "shall commence within

1  seventy days from the date the action occasioning the retrial becomes
2  final." Here, the action occasioning the retrial – specifically, the
3  jury's verdict following the March 24, 2025 trial – occurred on April
4  10, 2025. The Speedy Trial Act therefore requires that a retrial
5  commence on or before June 19, 2025.
6      6. Defendant is out of custody pending retrial and sentencing
7  on count 35 of the indictment.
8      7. The parties estimate that the retrial in this matter will
9  last approximately seven to eight court days.
10     8. By this stipulation, defendant moves to continue the
11 anticipated trial date to December 1, 2025 at 9:00 a.m. and the
12 status conference date to November 14, 2025 at 1:00 p.m. This is the
13 first request for a continuance since the Court declared a mistrial
14 in this case.
15     9. Defendant requests the continuance based upon the following
16 facts, which the parties believe demonstrate good cause to support
17 the appropriate findings under the Speedy Trial Act:
18         a. This case presents complex legal issues and facts.
19 Defendant is charged with distribution of oxycodone, amphetamine
20 salts, alprazolam, and hydrocodone, in violation of 21 U.S.C. §§
21 841(a)(1), (b)(1)(C), (b)(1)(E), and (b)(2). The government alleges
22 that defendant engaged in narcotic drug diversion via issuance of
23 massive amounts of medically unnecessary prescriptions. The
24 government alleges that defendant distributed controlled substances
25 while acting, and intending to act, outside the usual course of
26 professional practice and without a legitimate medical purpose.
27 Thus, the standard of care and medically accepted guidelines for
28 prescribing a controlled substance for pain and other conditions are

at issue in this case and need to be analyzed and reviewed, complicating this case both legally and factually.  Further analysis and review are warranted to prepare for a retrial.

   b. The government has produced an enormous amount of discovery to the defense, including more than 197,000 pages of documents and files, such as text messages, pictures, financial records, business records, medical records, materials on undercover operations, data on prescriptions, evidence seized from multiple search warrants, database records for prescriptions filled at California pharmacies, database records for wholesale distribution of Schedule II and III narcotics, prescription data from the states of Oregon and Washington, interview reports, and audio and video recordings as well as other investigative reports.  Defense counsel and defendant thus need additional time to review this material, organize materials for a retrial, and determine if additional pre-trial motions are appropriate.

   c. Due to the nature of the prosecution, including the charges in the indictment (which involve allegations of multiple seizures of drugs from a medical health care professional) and the voluminous discovery produced to defendant, this case is so complex that is unreasonable to expect adequate preparation for the retrial itself within the Speedy Trial Act time limits.

   d. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential additional pre-trial motions, review the discovery and potential evidence in the case, and prepare for a retrial.  Defense

counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  f. The government does not object to the continuance.

  g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 10. For purposes of computing the date under the Speedy Trial Act by which defendant's retrial must commence, the parties agree that the time period of April 10, 2025 to December 1, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv), because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 15, 2025                    Respectfully submitted,

                                          BILAL A. ESSAYLI
                                        United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        /s/ *Caitlin J. Campbell*
                                        BRETT A. SAGEL
                                        DANBEE C. KIM
                                        CAITLIN J. CAMPBELL
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA


I am Jeffrey Olsen's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 1, 2025 is an informed and voluntary one.

/s/ per email authorization                    04/17/25
ELENA ROSE SADOWSKY                             Date
REID ROWE
Attorneys for Defendant
JEFFREY OLSEN

6